

**ORDERED in the Southern District of Florida on July 1, 2013.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                        CASE NO. 13-23732-BKC-LMI

DAVID BEEM,                                   Chapter 13

      Debtor.
_____/

### ORDER DISMISSING CASE AND OVERRULING OBJECTION

THIS CAUSE came before the Court upon the Debtor's Notice of Voluntary Dismissal (ECF #9) and Creditor Gary Ferguson's (the "Creditor") Objection to Dismissal of Debtor's Voluntary Chapter 13 Case and for Conversion to Chapter 7 (ECF #11) (the "Objection").

Mr. Beem filed for bankruptcy on June 10, 2013 and filed a Notice of Voluntary Dismissal on June 11, 2013. The Creditor filed his Objection to the dismissal on June 12, 2013 alleging that the Debtor filed for bankruptcy in bad faith in order to stop a foreclosure sale in state court.[1]

11 U.S.C. §1307(b) provides that

---

[1] At a hearing the Debtor admitted he filed bankruptcy in order to stop a foreclosure sale.

> On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

Notwithstanding what appears to be the Debtor's statutory absolute right to dismiss, there is a split of authority as to whether, after the Supreme Court's *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) ("*Marrama*"), section 1307(b) is subject to an exception in cases where a debtor acts in bad faith. *Compare In re Letterese,* 397 B.R. 507 (Bankr. S.D. Fla. 2008*) with In re Williams,* 435 B.R. 552 (Bankr. N.D. Ill. 2010). In *Marrama* the Supreme Court affirmed the bankruptcy court's decision to deny a debtor's motion to convert a chapter 7 case to chapter 13 pursuant to 11 U.S.C §706(d) due to the debtor's bad faith, notwithstanding the debtor's absolute statutory right to convert.

It is not necessary for the Court to decide in this case if a debtor's statutory absolute right to dismiss pursuant to section 1307(b) is qualified by the *Marrama* holding. The Court finds that under the circumstances of this case, Mr. Beem's filing for bankruptcy to prevent a state court foreclosure sale is not bad faith warranting the relief requested.[2] Moreover, the Creditor was not a party injured by the cancelation of the foreclosure sale. The Court has reviewed the record and all relevant matters. It is,

**ORDERED:**

1.      This case is hereby **DISMISSED** with prejudice for a period of 180 days.

2.      The Creditor's Objection is overruled.

### ###

---

[2] The Court does not condone the Debtor's behavior as the filing of a bankruptcy case should not be used solely to take temporary advantage of the automatic stay.  Nonetheless, under the facts of this case, the  dismissal with a prejudice period of 180 days and the  requirement that, pursuant to 11 U.S.C. §362(c)(3), should the Debtor choose to file for bankruptcy again within the next year, the automatic stay needs to be extended, are adequate consequences.

Copies furnished to:
James Miller, Esq.
Richard H. Simonson, Esq.

     *Attorney Simonson shall serve a copy of this order upon all parties in interest and shall file a Certificate of Service of same with the Clerk of the Court.*